IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-HC-2078-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ATIBA WADE, | ) | |
| | ) | |
| Respondent. | ) | |

This case comes before the court on the government's motion (D.E. 71), filed 7 November 2011, to extend the deadlines for Gary Zinik, Ph.D., a mental health examiner appointed by the court pursuant to 18 U.S.C. §§ 4247(b) and 4248(b) on motion of the government (*see* D.E. 70), to interview respondent, to file a supplemental report, and to be deposed. Respondent opposes the motion, although he has not yet filed a written response. Without prejudice to his right to do so, the court heard argument on the motion at the weekly status conference on 10 November 2011 on cases brought under 18 U.S.C. § 4248.

The current deadline for completion of the examination is 20 October 2011, for filing of the supplemental report 4 November 2011, and for the close of discovery and thereby the taking of the deposition 15 November 2011—all of which deadlines were established by the court (D.E. 70) pursuant to a joint motion (D.E. 69) by the government and respondent. The government contends that it cannot now meet these deadlines because a commitment hearing in this court at which Dr. Zinik testified, evidently *United States v. King*, No. 5:10-HC-2009-FL, ran longer than expected and prevented him from interviewing respondent by the 20 October 2011 deadline.

As detailed by the court at the 10 November 2011 hearing, the motion suffers from serious flaws from virtually every perspective. First of all, the motion is tardy because two of the deadlines

it seeks to extend had already passed by the time it was filed. The government does not acknowledge or offer any explanation for its tardiness in its motion and did not provide a valid explanation during the 10 November 2011 hearing.

In addition, the *King* commitment hearing did not, in fact, run longer than expected. It began on 17 October 2011 and ended on 19 October 2011 (*see King*, D.E. 68, 70, 71), consistent with the representation in the final prehearing order that the commitment hearing would last two to three days (*see King*, D.E. 69 at 12). Dr. Zinik did testify on 19 October 2011, but it was the government that called him in its rebuttal case. He had previously testified at length in the government's case in chief.

The resolution the government proposes to the scheduling problem would manifestly prejudice respondent. Although the government indicates that Dr. Zinik can conduct the examination of respondent between 29 November and 2 December 2011, it proposes that he not file his supplemental report until less than two weeks before the 19 January 2012 commitment hearing in this case and that his deposition not be taken until one week or less before the hearing. The more than two-month period between now and the commitment hearing might accommodate a brief extension of the deadlines in issue without prejudicing respondent, assuming such an extension was otherwise permissible, but the government's representations regarding Dr. Zinik's availability, at least as it presently stands, show that such an extension would be feckless.

Alternatively, the government suggests that the commitment hearing be continued until 6 February 2012 or later. As respondent rightly recognizes, such a continuance would prejudice him by unjustifiably prolonging his prehearing incarceration and delaying his day in court.

For these and the additional reasons stated at the 10 November 2011 hearing, the government's motion (D.E. 71) is DENIED.

SO ORDERED, this 14th day of November 2011.

_____
James E. Gates
United States Magistrate Judge

3