IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-HC-2078-D

UNITED STATES OF AMERICA,    )
   )
            Petitioner,    )
   )
        v.    )        **ORDER**
   )
ATIBA WADE,    )
   )
         Respondent.    )

Atiba Wade ("Wade" or "respondent") is confined at the Federal Correctional Institution in

Butner, North Carolina, awaiting a hearing on a petition for his commitment that the government

filed pursuant to 18 U.S.C. § 4248 [D.E. 1]. On July 22, 2011, Wade filed a motion to dismiss the

commitment proceedings. Mot. Dismiss [D.E. 59]. In his motion, Wade asserts a violation of the

Equal Protection Clause of the Fourteenth Amendment as derived from the Due Process Clause of

the Fifth Amendment. See Johnson v. Robison, 415 U.S. 361, 364 n.4 (1974). Additionally, Wade

asserts that the delay in the commitment proceedings violates the Due Process Clause of the Fifth

Amendment, that section 4248 is unconstitutionally vague, and that section 4248 proceedings

constitute criminal rather than civil proceedings. On August 12, 2011, the government responded

in opposition [D.E. 63]. A commitment hearing is scheduled to begin on January 19, 2012.

Wade's equal protection challenge relies on a recently reversed district court ruling which

had held that the statutory scheme for commitment of sexually dangerous persons violates the Equal

Protection Clause because it uses one's status as a federal prisoner to control whether a person may

be subject to civil commitment proceedings. Mot. Dismiss 2; see United States v. Timms, 799 F.

Supp. 2d 582, 591–92 (E.D.N.C. 2011), rev'd, — F.3d —, 2012 WL 34477, at *10 (4th Cir. Jan. 9,

2012). Because the Fourth Circuit specifically rejected this argument, Wade's equal protection challenge fails.

Next, Wade contends that the government violated due process by filing its certification commencing this case two days before the expiration of Wade's criminal prison term, and by not holding a hearing on the merits of commitment for over four years since the date of certification. Mot. Dismiss 4. The government, however, complied with the certification process in the statute. Once the government filed the certification, the statute provides an automatic stay of the person's release. See 18 U.S.C. § 4248(a). The certification process is rational and does not violate due process. Likewise, the delay in a hearing on the merits is not grounds for dismissal. See Timms, 2012 WL 34477, at *10–15. Alternatively, even if the delay violated due process, the remedy is a hearing (as opposed to immediate release). See id. at *15 n.19. The hearing in this case will begin on January 19, 2010.

Wade also asserts that section 4248 is unconstitutionally vague. The court rejects this argument. See, e.g., United States v. Carta, 592 F.3d 34, 43 (1st Cir. 2010).

Finally, Wade asserts that section 4248 proceedings constitute criminal rather than civil proceedings. This argument fails. See Timms, 2012 WL 34477, at *15.

Therefore, the court DENIES respondent's motion to dismiss [D.E. 59].

SO ORDERED. This **18** day of January 2012.

JAMES C. DEVER III
Chief United States District Judge

2